### AUSTIN GREEN V. THE STATE.

No. 11140.     Delivered November 30, 1927.

#### 1.—Robbery With Firearms—Evidence—Cross-Examination—Held Proper.

Where, on a trial for robbery, a witness for appellant having testified that on the night of the robbery he had gone to Dallas to get whiskey for Christmas, and saw appellant in Dallas on that night, it was proper cross-examination to permit the state to ask witness if he did not know that he could get whiskey in Fort Worth.

#### 2.—Same—Bills of Exception—Incomplete—Not Considered.

Where a bill of exception complains of certain questions propounded to appellant on cross-examination, which does not specifically aver that the objections presented were in fact true, is insufficient, and cannot be considered on appeal.

#### 3.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of the admission of testimony for impeaching purposes because same did not meet the predicate therefor, and does not further elucidate the objection, this court cannot know from such bill what the predicate complained of was, nor whether the offered impeachment corresponds with the predicate.

#### 4.—Same—New Trial—Newly Discovered Evidence—Attorney Cannot Take Affidavit.

Where appellant in his motion for a new trial presented the affidavit of a witness to newly discovered evidence, and such affidavit appears to have been sworn to before the attorney for appellant, it cannot be considered. It has been repeatedly held that an attorney for the accused cannot take the affidavit of a witness, and swear them to same.

**5.—Same—New Trial—Newly Discovered Evidence—Properly Refused.**

Where appellant requested a new trial on the ground of newly dis-
covered evidence, and attached the affidavit of a witness to a fact which
had been testified to, and was not contradicted, the new trial was prop-
erly refused.

Appeal from the Criminal District Court of Tarrant County.
Tried below before the Hon. George E. Hosey, Judge.

Appeal from a conviction for robbery with firearms, penalty
fifteen years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Jesse E. Martin,* Criminal District Attorney, *Arthur Lee
Moore,* Assistant Criminal District Attorney of Tarrant County,
and *A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery with firearms,
punishment fifteen years in the penitentiary.

On the night of December 21, 1926, according to the testi-
mony of four or five witnesses who positively identified him,
appellant with a pistol held up a number of parties in a drug
store in the city of Fort Worth, among others R. H. Lewis,
manager of said drug store, and took from the cash register
fifty-two dollars and some cents. Appellant was accompanied
by a confederate, who got the money while appellant held the
pistol on the parties.

The first complaint of procedure is to the refusal of the court
to permit a defense witness to an alibi to answer the question
as to whether it was his best judgment that the man he saw
at Farmers Branch on the night of the alleged robbery was
appellant. The bill of exceptions presenting this complaint is
qualified with the statement that later the witness was per-
mitted to answer said question. The statement of facts shows
this to be true.

Complaint is made of the fact that another alibi witness of
appellant, who undertook to locate the latter in Dallas on the
night of the alleged robbery, was required to answer the state's
question as to whether or not he knew he could get liquor in
Fort Worth at the time. The cross-examination was proper.
The witness stated that he lived in Fort Worth and that he went
to Dallas on the occasion of his seeing appellant there, to get
whiskey for Christmas. Certainly, if the witness could get it
in Fort Worth at the same time it would lessen the proba-
bility of his going to Dallas for the purpose of getting it.

Bill of exceptions No. 3 sets out only the objections made to certain questions asked appellant. There is not a particle of showing in the bill of exceptions of any facts from which we might infer that the matters set up as objections were in fact true. Such a bill is insufficient.

The next bill of exceptions is also qualified by the court so as to show that an objection which the bill attempts to set up as having been overruled was in fact sustained, and the alleged objectionable answer was not in fact given. Another bill complains that certain matters offered by the state for impeachment purposes did not meet the predicate laid therefor. This is the extent to which the bill presents the alleged erroneous matter. We do not know therefrom what the predicate was, or whether the offered impeachment corresponded with such predicate.

We see no importance to be attached to the question of the condition of the cash register after the alleged robbery, the contention being that there was no testimony showing that appellant had any connection with pushing the key of said cash register. If in truth the witnesses properly identified appellant as being the man who had used the pistol on the occasion in question, it would be wholly immaterial whether he or his confederate operated the cash register and obtained the money.

There is complaint of the overruling of appellant's motion for new trial based on affidavits alleging newly discovered testimony. The affidavit of M. E. McDonald was taken before appellant's attorney. Authorities are numerous holding that an affidavit in this condition will not be considered. Citation of authorities would but encumber the opinion. Appellant's attorney makes an affidavit which appears in the record, stating that there was no notary public in the little town of Farmers Branch, and that for this reason he took the affidavit of McDonald. We are unable to agree that this excuses the violation of the oft repeated rule laid down in such matters. Farmer's Branch is a village or small town in Dallas County not far from the city of Dallas and from other towns in which unquestionably there are notaries public. We see no reason why the rule should not be adhered to. Appellant attaches to his motion for new trial also the affidavit of one Anderson in regard to the date of a bill of groceries sold by the affiant to the father of appellant. We cannot regard this as newly discovered testimony, as that expression is used in our statutes and decisions. Appellant's father and mother appeared on the trial and testified in regard to said bill, which was itself exhibited to the

jury.  Appellant's father was a customer of Anderson, bought
from him the goods in question, and the slightest diligence on
the part of appellant would have resulted in securing the testi-
mony of Anderson had it been desired.

This disposes of the complaints appearing in the record.  No
brief is on file for the appellant.

Being unable to agree with any of the contentions, the judg-
ment will be affirmed.

*Affirmed.*